UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

NOEL ELISEO GARCIA,

        Plaintiff,

   -against-

NATIONAL CONTRACTORS INSURANCE
COMPANY, INC.,

        Defendant.

-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-1332 (CBA) (MDG)

**AMON, Chief United States District Judge:**

On March 13, 2015, plaintiff Noel Eliseo Garcia filed the instant declaratory judgment action against defendant National Contractors Insurance Company, Inc. ("NCIC"). NCIC moved to dismiss. As stated on the record, the Court granted NCIC's motion to dismiss at the oral argument held on July 16, 2015. The reasons for that decision follow below.

## BACKGROUND

The instant action stems from an injury sustained by Garcia while performing construction work in Queens, New York, on November 17, 2009. (D.E. # 1, Compl. ¶¶ 8, 10.) At the time of his injury, Garcia's employer, Leo Valentin Contracting Corp., had been retained by Fenco Construction Corp. ("Fenco") to perform certain sub-contracting work at a project for Arkima Enterprises, Inc. ("Arkima"). (Id. ¶¶ 8–9.) Garcia was injured while working on that project and subsequently filed a personal injury action against Fenco and Arkima in New York Supreme Court, Queens County (the "underlying action"). (Id. ¶¶ 9–10.) The complaint does not allege that the underlying action has been resolved in Garcia's favor; to the contrary, Garcia's submissions indicate that trial was scheduled to begin on July 27, 2015, several months after the complaint was filed. (D.E. # 20-1, Pl.'s Mem. in Opp. ("Pl.'s Mem."), at 7.)

At the time of Garcia's accident, Fenco was insured by NCIC, (Compl. Ex. A), a risk retention group organized under Montana law with its principal place of business in Big Fork,

1

Montana, (Compl. ¶¶ 2, 5, 7). After Garcia filed the underlying action, Fenco sought a declaratory judgment in New York Supreme Court, Queens County, as to the applicable coverage limits under its policy with NCIC. (Id. ¶¶ 11–12.) Fenco's declaratory judgment action was dismissed without a coverage determination. (Id. ¶ 12.) Garcia subsequently brought this action seeking to have this Court address the unresolved coverage dispute between Fenco and NCIC. (Id. ¶¶ 16–18.) NCIC's motion to dismiss for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is now before the Court. (D.E. # 14.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining whether a claim has "facial plausibility," a court accepts all factual allegations in the complaint as true, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id.

## DISCUSSION

Garcia asks this Court to adjudicate the rights and obligations of Fenco and NCIC under an insurance contract to which he is not a party and which does not otherwise entitle him to coverage. Although the precise contours of his claim are not clear, Garcia appears to argue that the Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this action. (See Pl.'s Mem. at 6 ("Keeping in mind that this is a declaratory judgment action, plaintiff seeks only to have a Court of competent jurisdiction . . . make a definitive determination as to the policy limits. . . .").) It is

2

well established, however, that the Declaratory Judgment Act does not provide an independent cause of action. In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993) ("Nor does [the Declaratory Judgment Act] provide an independent cause of action."). Accordingly, Garcia must still assert "a substantive claim of right" to the declaratory relief he seeks. Id. As explained below, Garcia's complaint must be dismissed because neither federal nor state law provides such a cause of action.

Although Garcia attempts to federalize his run-of-the-mill contract claim, federal law provides no basis for the instant suit. Garcia argues that this claim arises under federal law because NCIC is "a federally created entity," established by the Liability Risk Retention Act of 1986, 15 U.S.C. § 3901 et seq. (the "LRRA").[1] (Pl.'s Mem. at 3, 6.) Courts in this circuit have repeatedly held that "the mere fact that an entity is federally chartered, rather than incorporated by a state, is not sufficient to establish federal question jurisdiction over [state law claims]." Curiale v. Reissman, 798 F. Supp. 141, 145 (S.D.N.Y. 1992); Resolution Tr. Corp. v. Gregor, 872 F. Supp. 1140, 1145 (E.D.N.Y. 1994) ("[C]ourts in this circuit have held that federal courts do not even have jurisdiction over disputes involving federally-chartered institutions."). Moreover, the LRRA does not provide a private right of action against risk retention groups,[2] see 15 U.S.C. §§ 3901–06, and nothing about Garcia's claim presents a "substantial disputed question of federal law,"

---

[1] The complaint also asserts that Garcia's claim arises under 15 U.S.C. § 3501 et seq. (Compl. ¶ 3). The Court presumes that Garcia intended to refer to 15 U.S.C. § 3901; to the extent he did not, the Court notes that 15 U.S.C. § 3501, which governs the application of antitrust law to certain trademark- and distribution-related agreements among soft-drink manufacturers, is not relevant to this action.

[2] At the oral argument held before the Court on July 16, 2015, Garcia appeared to contend that the LRRA authorizes this action because it conveys jurisdiction to federal district courts over the bankruptcy proceedings of risk retention groups. This is not a bankruptcy proceeding and the LRRA does no such thing. To the extent Garcia was referring to 15 U.S.C. § 3906, which authorizes district courts to "enjoin[] a risk retention group from soliciting or selling insurance, or operating . . . upon a finding of such court that such group is in hazardous financial condition," this provision plainly does not give the Court jurisdiction over Garcia's private declaratory judgment action.

Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983). As such, Garcia's efforts to transform an insurance dispute into a federal question are unavailing.

To the extent Garcia attempts to assert a state law claim by invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, (Compl. ¶ 4; Pl.'s Mem. at 3), New York law likewise provides no cause of action for the relief he seeks. "Under the common law, 'an injured person possesse[s] no cause of action against the insurer of the tortfeasor.'" Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 353 (2004) (quoting Jackson v. Citizens Cas. Co., 277 N.Y. 385, 389 (1938)). As such, the only state law cause of action conceivably available to Garcia is the "limited statutory cause of action" provided by New York Insurance Law § 3420. Section 3420 permits an injured party who has obtained a judgment against a tortfeasor to sue the tortfeasor's insurer if the judgment remains unsatisfied for thirty days after service on the insurer. N.Y. Ins. Law §§ 3420(a)(2), (b)(1).

The Second Circuit Court of Appeals recently held, however, that the LRRA preempts application of § 3420 to nondomiciliary risk retention groups, i.e., risk retention groups not chartered in New York. Wadsworth v. Allied Prof'ls, 748 F.3d 100, 109 (2d Cir. 2014) ("[A]ny construction of N.Y. Ins. Law § 3420(a)(2) that permits its application to risk retention groups chartered in another state is preempted by the LRRA.") Garcia's complaint specifically pleads that NCIC is a "Risk Retention Group" organized pursuant to the LRRA "under the laws of the State of Montana." (Compl. ¶¶ 5, 7.) As such, Wadsworth's unequivocal holding makes clear that NCIC cannot be subjected to suit under § 3420—as Garcia's counsel conceded at oral argument— and his suit must be dismissed.

Moreover, even if NCIC were a domiciliary risk retention group, Garcia's claim would nonetheless fail. Section 3420 "grants an injured party a right to sue the tortfeasor's insurer, but

only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment, and await payment for 30 days." Lang, 3 N.Y.3d at 354. "Compliance with these requirements is a condition precedent to a direct action against the insurance company." Id. Garcia did not comply with these requirements because the underlying action was still pending when he filed his complaint and when the Court dismissed this action on the record at oral argument. Thus, even if NCIC were a suable entity under § 3420, that very provision would still mandate dismissal of Garcia's claim.

## CONCLUSION

For the reasons set forth above, Garcia has no cause of action under either federal or state law. As such, NCIC's motion to dismiss for failure to state a claim is granted. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: November // , 2015
      Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge